William P. Rubley, Esquire
Cory C. Sidelsky, Esquire
Bar ID Nos.: 019192002/ 107322014
wrubley@subranni.com
csidelsky@subranni.com
SUBRANNI ZAUBER, LLC
Willow Ridge Exec. Officepark
750 Route 73 South, Suite 307B
Marlton, NJ 08053
(856) 985-3086
*Attorneys for Defendants, Anderson Ludgate Consulting, LLC and Tricia Flanagan*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PRAKASH V. RAO, ANANTH RAO and VKS ASSOCIATES, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> ANDERSON LUDGATE CONSULTING, LLC, TRICIA FLANAGAN, and John Does 1-20 who are individuals who identities are not yet known who have harmed Plaintiff, <br><br> Defendants. | Civil Action <br><br> DOCKET NO.: 15-03126-SRC-CLW |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, ANDERSON LUDGATE CONSULTING, LLC'S AND TRICIA FLANAGAN'S MOTION TO DISMISS THE COMPLAINT**

**SUBRANNI ZAUBER, LLC**
William P. Rubley, Esquire
Cory C. Sidelsky, Esquire
750 Route 73 South, Suite 307B
Marlton, New Jersey 08053
*Attorneys for Defendants,
Anderson Ludgate Consulting, LLC
and Tricia Flanagan*

1

## TABLE OF CONTENTS

**Page**

SUMMARY OF FACTS ……………………………………………………………………6

ARGUMENT …………………………………………………………………………………..9

    I.     Standard of Review…………………………………………………………......9

    II.    Plaintiffs Do Not State a Cognizable Claim Against Ms. Flanagan …………….10

         A.  As a member of ALC, Ms. Flanagan is Protected from Liability …………...10

         B.  Prakash's Partnership Agreement was with ALC, not Ms. Flanagan,
             and as such there is no Relationship Between that Imposes Contractual,
             Statutory, or Common Law Duties on Ms. Flanagan ……………………….11

    III.   Plaintiff Does Not State a Cognizable Claim for Common Law Fraud ………...14

         A.  Plaintiffs Fail to Allege Facts to Establish the Elements of Fraud ………….14

         B.  Plaintiffs Failed to Plead Fraud Against Defendants with Particularity …….16

    IV.   Counts One, Two, Six and Eight of Plaintiffs' Complaint Must be Dismissed
         as they are Common Law Tort Claims that are Barred by the Economic Loss
         Doctrine ……………………………………………………………………….17

CONCLUSION ……………………………………………………………………………….19

## TABLE OF AUTHORITIES

**CASES**                                                                                                              **PAGE(S)**

Alloway v. Gen. Marine Indus., L.P.,
    149 N.J. 620, 627, 695 A.2d 264, 267 (1997)……………………………………..17, 18

Ashcroft v. Iqbal,
    556 U.S. 662, 663 (2009) ……………………………………………………………9

Baraka v. McGreevey,
    481 F.2d 187, 195 (3d Cir. 2007) ……………………………………………………9

Bellocchio v. New Jersey Dep't of Envtl. Prot.,
    2014 WL 1464814, at *4 (D.N.J. Apr. 15, 2014) ……………………………………...9

Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.,
    226 F. Supp. 2d 557, 564 (D.N.J. 2002) …………………………………………...17

Citibank v. Plapinger,
    66 N.Y.2d 90, 495 N.Y.S.2d 309, 485 N.E.2d 974, 976 (1985) …………………….....15

Darrick Enterprises v. Mitsubishi Motors Corp.,
    No. CIV A 05-4359 (NLH), 2007 WL 2893366, at *4 (D.N.J. Sept. 28, 2007) ………..15

Devon IT, Inc. v. IBM Corp.,
    805 F. Supp. 2d 110, 128 (E.D. Pa. 2011) …………………………………………15

Duquesne Light Co. v. Westinghouse Elec. Co.,
    66 F.3d 604, 618 (3d Cir. 1995) ……………………………………………………18

Emerson Radio Corp. v. Orion Sales, Inc.,
    No. 95-6455, 2000 WL 49361 (D.N.J. Jan. 10, 2000) ……………………………..18

Evancho v. Fisher,
    423 F.3d 347, 351 (3d Cir. 2005) ……………………………………………………9

Fleisher v. Standard Ins. Co.,
    679 F.3d 116, 120 (3d Cir. 2012) ……………………………………………………9

Foglia v. Renal Ventures Management, LLC,
    754 F.3d 153, 155-56 (3d Cir. 2014) …………………………………………………16

Fowler v. UPMC Shadyside,
    578 F.3d 203, 210 (3d Cir. 2009) ……………………………………………………9

Frederico v. Home Depot,
    507 F.3d 188, 200 (3d Cir. 2007) …………………………………………………………..14

Galayda v. Wachovia Mortg., FSB,
    2010 WL 5392743 (D.N.J. Dec. 22, 2010) …………………………………………………...16

Gennari v. Weichert Realtors,
    691 A.2d 350, 367-68 (N.J 1997) ………………………………………………………….14

In re Supreme Specialties, Inc. Sec. Litig.,
    438 F.3d 256 (3d Cir. 2006) ……………………………………………………………16, 17

Ocean Cape Hotel Corp. v. Masefield Corp.,
    164 A.2d 607, 612 (N.J.Super.App.Div.1960) ……………………………………………….15

Oliver v. Bank of Am., N.A.,
    2014 WL 562943, at *2 (D.N.J. Feb. 11, 2014) ……………………………………….16, 17

Prudential Ins. Co. of Am. V. Goldman, Sachs  Co.,
    2013 WL 1431680 (D.N.J. Apr. 9, 2013) ………………………………………………….14

Saltiel v. GSI Consultants, Inc.,
    170 N.J. 297, 316-17, 788 A.2d 268, 280 (2002) ……………………………………...18, 19

Saporito v. Combustion Eng'g Inc.,
    843 F.2d 666 (3d Cir. 1988), *vacated on other grounds*, 489 U.S. 1049 (1989) ………..16

Slim CD, Inc. v. Heartland Payment Systs., Inc.,
    No. 06-2256, 2007 WL 2459349, *26 (D.N.J. Aug. 24, 2007) …………………………18

Titan Stone, Tile & Masonry, Inc.,
    No. 05-3362, 2007 WL 174710 (D.N.J. Jan. 22, 2007) …………………………………18

Vurimindi v. Fuqua Sch. of Bus.,
    No. CIV.A 10-234, 2010 WL 3419568, at *7 (E.D. Pa. Aug. 25, 2010), aff'd, 435 F.
    App'x 129 (3d Cir. 2011)…………………………………………………………………...15

Wingate Inns, Int'l v. HighTech Inn.com, LLC
    2009 WL 5216978, at *7 (D.N.J. Dec. 29, 2009) ……………………………………….17

Wyeth v. Ranbaxy Labs, Ltd.,
    448 F.Supp 2d 607, 509(D.N.J. 2006) …………………………………………………........9

**OTHER REFERENCES**

Fed.R.Civ.P. 9(b) …………………………………………………………………………..16

Fed.R.Civ.P. 12(b)(6) ……………………………………………………………………..6, 9

N.J.S.A. 42:1A-1 *et seq.* …………………………………………………………………...12

N.J.S.A. 42:1A-10(a) ………………………………………………………………………12

N.J.S.A. 42:1A-10(c) …………………………………………………………...............12, 13

N.J.S.A. 42:1A-25b(1), (3) ………………………………………………………………...13

15 Pa. Stat. and Cons. Stat. Ann. § 8922(a) ………………………………………………..10

15 Pa. Stat. and Cons. Stat. Ann. § 8932 …………………………………………………..11

15 Pa. Stat. and Cons. Stat. Ann. § 8945 ………………………………………………10, 11

15 Pa. Stat. and Cons. Stat. Ann. § 8991 ………………………………………………10, 11

Defendant, Anderson Ludgate Consulting, LLC ("ALC") and Defendant, Tricia Flanagan ("Ms. Flanagan") (collectively "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the complaint (the "Complaint") filed by Plaintiffs, Prakash V. Rao ("Prakash"), Ananth Rao ("Ananth"), and VKS Associates, LLC ("VKS") (collectively "Plaintiffs") for failure to state a claim upon which relief can be granted. For the reasons set forth below, this Honorable Court should dismiss the Complaint in its entirety as against Ms. Flanagan, and as to Count One (Fraud and Negligent Misrepresentation), Count Two (Promissory Estoppel), Count Six (Theft of Services and Intellectual Property and Conversion), and Count Eight (Negligence and Breach of Fiduciary and Legal Duties Owed to Plaintiffs) against ALC, with prejudice, pursuant to Fed. R. Civ. P. 12 (b)(6).

## SUMMARY OF FACTS

Defendants are aware that the Court ordinarily should not consider facts not pled in the Complaint when deciding a Motion to Dismiss. However, in this matter some background is necessary to understand the nature of the parties' relationships. What follows is a brief factual background of the relationship of the parties to this litigation and their roles in ALC.

This is a meritless case filed by a disgruntled business partner of a business that never got off the ground. Prakash targeted Ms. Flanagan and her start-up company, ALC, after Ms. Flanagan discussed her "process issue" to the Vistage International ("Vistage") Trusted Advisor Committee in Princeton, New Jersey. Vistage is a leadership and coaching company which offers a confidential platform for business officers and executives to solve problems, evaluate opportunities and work on an assortment of strategic and operational issues. Importantly, clients of Vistage were discouraged from soliciting business from one another. However, Prakash totally disregarded this when he approached Ms. Flanagan and offered his services to ALC. After convincing Ms. Flanagan that he could help to grow ALC by offering a unique, desirable,

and unprecedented marketing research model to ALC's potential clients, ALC took Prakash in as a member or partner. Prakash represented that his statistical model would revolutionize the pharmaceutical market research industry, and ALC relied on his representation. Ms. Flanagan emphasized to Prakash that ALC was in its infancy and had no clients, let alone any profits. Prakash understood and acknowledged that ALC was a start-up and was not profitable at the time.

Still, Prakash entered into a partnership agreement (the "Agreement") with ALC, which provided that Prakash was entitled to 1/3 of the annual profits of ALC to be paid on a quarterly basis. A true and correct copy of the Agreement, referred to by the Plaintiff in his Complaint, is attached to Defendants' Certification as Exhibit "A". Unfortunately, ALC was never profitable while Prakash was a member or partner, and therefore, no quarterly distributions were ever made to him. Ms. Flanagan, as member of ALC did not earn any distributions or income from ALC during this time period either. Nor did Nicholas Kouyialis ("Kouyialis"), who was the other member of ALC. In fact, Prakash and Ms. Flanagan and Kouyialis, by and through ALC, partnered together with the understanding that ALC was in its infancy and had no clients, ergo, no profits. Even more, all three of them had other jobs, and treated their positions with ALC as secondary positions until the company could get its feet off the ground, which never happened while Prakash was a partner or member. Notably, Prakash maintained his employment with VKS, and would occasionally check in with Ms. Flanagan and Kouyialis to inquire about any new developments with ALC. This was by no means a full-time position for Prakash, who focused on his other business, VKS, and even handed out his VKS business cards while at networking events with Ms. Flanagan.

Importantly, Prakash was brought in by ALC to develop a statistical model that quantified qualitative data for the pharmaceutical industry; however, he never developed any such model, but instead offered only conceptual ideas that he learned through his past experiences outside of the pharmaceutical industry. Even more, these conceptual ideas were not novel or unique. Simply put, he never lived up to his expectations, nor did he fulfill his obligations on behalf of ALC. Prakash only gave ALC one piece of material, a PowerPoint presentation, which could not be used by ALC in any productive way. The PowerPoint presentation that he sent to Ms. Flanagan merely stated general marketing research terms on the PowerPoint slides. Prakash even admitted that he did not cater the slides to the pharmaceutical industry, which meant that they were useless to ALC, who was seeking to convince potential pharmaceutical clients that its marketing research methods and models differentiated it from other marketing research companies and could provide clients with useful data to target and attract potential clients. In sum, Prakash never provided ALC with any model that it could use to gain clients, and therefore, he failed to perform his duties as a partner of ALC. Still, any dispute he has is with ALC, not Ms. Flanagan.

Even when accepting all factual allegations in the Complaint as true, Plaintiffs fail to: (1) set forth a legally cognizable cause of action against Ms. Flanagan; (2) set forth a legally cognizable cause of action for Fraud against ALC and Ms. Flanagan; set forth a legally cognizable cause of action for Fraud and Negligent Misrepresentation, Promissory Estoppel, Theft of Services and Intellectual Property and Conversion, and Negligence and Breach of Fiduciary and Legal Duties Owed to Plaintiffs by ALC. Accordingly, the Court should dismiss the Complaint in its entirety as against Ms. Flanagan, and as to Count One (Fraud and Negligent Misrepresentation), Count Two (Promissory Estoppel), Count Six (Theft of Services and

Intellectual Property and Conversion), and Count Eight (Negligence and Breach of Fiduciary and Legal Duties Owed to Plaintiffs) against ALC, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### I. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), the court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (citations omitted). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678. Put another way, while the court will consider plaintiff's allegations as true and construe all inferences in favor of plaintiff, "unsupported conclusions and unwarranted inferences" are not entitled to the same deference. Baraka v. McGreevey, 481 F.2d 187, 195 (3d Cir. 2007). By the same token, legal conclusions are not entitled to any presumption of truthfulness whatsoever. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005); Wyeth v. Ranbaxy Labs, Ltd., 448 F.Supp 2d 607, 509(D.N.J. 2006). Moreover, a court should dismiss a complaint with prejudice for failure to state a claim without granting leave to amend if it finds that amendment of the complaint would be futile. Bellocchio v. New Jersey Dep't of Envtl. Prot., No. 13-6244 JBS/J, 2014 WL 1464814, at *4 (D.N.J. Apr. 15, 2014).

## II.     Plaintiffs Do Not State a Cognizable Claim Against Ms. Flanagan

Plaintiffs' improperly asserted claims against Ms. Flanagan personally, without alleging any facts sufficient to pierce the corporate veil of ALC.  According to the facts as pled by Prakash, he was either a member of ALC pursuant to the Agreement, or he was a partner with ALC.  Regardless, any claims of Prakash are against ALC and not Ms. Flanagan.  Furthermore, Plaintiff admits that ALC received no profits and had no clients while he was a partner at ALC.  *See generally* Plaintiff's Complaint.  Plaintiff states that he terminated his partnership with ALC in September 2014 before ALC was profitable or incurred debts.  *See* Paragraph 59 of the Complaint.  Accepting all facts as alleged by Plaintiffs in their Complaint as true, ALC had no profits or debts when Prakash was a partner, therefore, Prakash is not owed any money from ALC.  Nonetheless, any dispute he has is with ALC, not Ms. Flanagan.

### A.     As a member of ALC, Ms. Flanagan is Protected from Liability

By signing the Agreement with ALC, Prakash became a member of ALC along with Ms. Flanagan and Kouyialis.  Members of ALC, a Pennsylvania limited liability company, are immune from liability to each other so long as they do not breach their respective duties of loyalty and care to the LLC or to other members.

"[T]he members of a limited liability company shall not be liable, solely by reason of being a member, under an order of a court or in any other manner for a debt, obligation or liability of the company of any kind or for the acts of any member, manager, agent or employee of the company."  15 Pa. Stat. and Cons. Stat. Ann. § 8922(a).  "A member of a company is not a proper party to an action or proceeding by or against the company, except where the object is to enforce the right of a member against or his liability to the company."  15 Pa. Stat. and Cons. Stat. Ann. § 8991.  Notably, "[s]ubject to such standards and restrictions, if any, as are set forth

in the operating agreement, a limited liability company may and shall have the power to indemnify and hold harmless any member or manager or other person from and against any and all claims and demands whatsoever." 15 Pa. Stat. and Cons. Stat. Ann. § 8945. "A limited liability company may from time to time make distributions and allocate the profits and losses of its business to the members of the company upon the basis stipulated in the operating agreement or, if not stipulated in the operating agreement, per capita." 15 Pa. Stat. and Cons. Stat. Ann. § 8932.

As a member of ALC, Ms. Flanagan is immune from Plaintiffs' claims against her relating to her actions taken as a member of ALC. See 15 Pa. Stat. and Cons. Stat. Ann. § 8991. Therefore, to the extent that Plaintiffs have any claims relating to lack of payment, compensation, and/or distributions relating to work performed on behalf of or services provided to ALC, Ms. Flanagan is not personally liable to Prakash or the remaining Plaintiffs as ALC's liability umbrella shields her from any such exposure. With respect to Prakash's allegations and claims regarding ALC's failure to compensate him, the company was never profitable, and Prakash never alleges otherwise. Since Prakash fails to allege that ALC was profitable, and was able to make distributions, he has no cause of action against ALC based on ALC's failure to compensate him.

Accordingly, all counts against Ms. Flanagan should be dismissed.

> **B.** **Prakash's Partnership Agreement was with ALC, not Ms. Flanagan, and as such there is no Relationship Between that Imposes Contractual, Statutory, or Common Law Duties on Ms. Flanagan**

In the event that it is determined that the Agreement is unenforceable and that Prakash is not a member of ALC, then the relationship between ALC and Prakash is that of a unincorporated partnership and Ms. Flanagan is also immune from personal liability for actions

undertaken by her on behalf of ALC during the partnership. The relationship between Prakash and ALC would be governed by the New Jersey Uniform Partnership Act, N.J.S.A. 42:1A-1 *et seq*.[1]

"[T]he association of two or more persons[2] to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership." N.J.S.A. § 42:1A-10(a). In determining whether a partnership is formed, the following rules apply:

> (3) A person who receives a share of the profits of a business is presumed to be a partner in the business, unless the profits were received in payment:
> (a) of a debt by installments or otherwise;
> (b) for services as an independent contractor or of wages or other compensation to an employee;
> (c) of rent;
> (d) of an annuity or other retirement or health benefit to a beneficiary, representative, or designee of a deceased or retired partner;
> (e) of interest or other charge on a loan, even if the amount of payment varies with the profits of the business, including a direct or indirect present or future ownership of the collateral, or rights to income, proceeds, or increase in value derived from the collateral; or
> (f) for the sale of the goodwill of a business or other property by installments or otherwise."

---

[1] Because ALC is a Pennsylvania limited liability company, Pennsylvania law was used to determine the rights and responsibilities of one member to another. However, because Mr. Prakash is a New Jersey Resident, and from his pleadings it appears that the partnership was involved in business in New Jersey, then for purposes of this Motion only, Defendants assume that the relationship is that of an unincorporated partnership, the partnership between Prakash and Defendant was governed by New Jersey law.

[2] The term "person" is defined broadly under the New Jersey Uniform Partnership Act as "an individual, corporation, business trust, estate, trust, partnership, limited partnerships, *limited liability company*, or other limited liability entity, association, joint venture, government, governmental subdivision, agency, or instrumentality, or any other legal or commercial entity." N.J.S.A. 42:1A-1 (emphasis added).

N.J.S.A. 42:1A-10(c).  "A partner may maintain an action against the partnership or *another partner* for legal or equitable relief, with or without an accounting as to partnership business, to:

>   (1)  enforce the partner's rights under the partnership agreement; . . .
>
>   (3)  enforce the rights and otherwise protect the interests of the partner, including rights and interests arising independently of the partnership relationship."

N.J.S.A. 42:1A-25b(1), (3)(emphasis added).

According to Prakash, the agreement between him and ALC was that he would be "a part of" ALC and that he would receive one third of ALC's profits.  *See* Plaintiffs' Complaint at Paragraph 40.  Prakash further admits that on September 9, 2014 he "advised Defendants that he was terminating their *partnership*."  See Plaintiff's Complaint at paragraph 109 (emphasis added).  As a partner and pursuant to the Agreement, Prakash had certain obligations that he owed to ALC and ALC, as the other partner, owed certain obligations to Prakash.  Defendant will claim that Prakash did not perform his obligations to the partnership while he was a partner and the partnership failed.  Prakash, on the other hand, alleges that he performed work on behalf of the partnership as required and that ALC failed to compensate him for the work as required under the Agreement.  *See generally* Plaintiff's Complaint.  Even if Prakash is correct, any liability to Prakash could only come from ALC as the other partner to the partnership.  However, Prakash has asserted claims against Ms. Flanagan personally, completely disregarding the fact that she was a member of the other partner, ALC at all relevant times.  In no part of the Complaint does Prakash allege any facts that would allow the Court to pierce the corporate veil of ALC and impose personal liability on Ms. Flanagan.

With regard to the potential liability of ALC to Prakash, Prakash does not allege that allege that ALC was profitable or that it paid any of its partners.  In fact, in his Complaint

Prakash is not seeking an accounting nor is he seeking to enforce his rights under any partnership agreement.  Rather, Prakash ignores the relationship between the parties and the existence of the partnership and asserts common law claims against Ms. Flanagan (who at all times was acting as a member of ALC).   While Defendants contest many of the factual statements alleged in the Complaint, including the quality of work performed by Prakash and the remaining Plaintiffs, the ultimate dispute is between Prakash and ALC, not Ms. Flanagan.

Accordingly, all counts against Ms. Flanagan should be dismissed with prejudice.

### III.     Plaintiffs Do Not State a Cognizable Claim for Common Law Fraud

The Court should dismiss Plaintiffs' common law fraud claim (Count One) against all parties with prejudice for two reasons:  First, Plaintiffs do not plead the required elements of a fraud under New Jersey law.  Second, Plaintiffs fail to meet the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure, which apply to fraud-based claims.

#### A.     Plaintiffs Fail to Allege Facts to Establish the Elements of Fraud

"Under New Jersey law, the elements required to establish a claim of common law fraud, fraudulent misrepresentation, and fraudulent inducement are identical[.]"  <u>Prudential Ins. Co. of Am. v. Goldman, Sachs & Co.</u>, 2013 WL 1431680 (D.N.J. Apr. 9, 2013).  To state a claim for common law fraud, a plaintiff must allege facts that, if proven, would establish the following: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.  <u>Frederico v. Home Depot</u>, 507 F.3d 188, 200 (3d Cir. 2007) (citing <u>Gennari v. Weichert Co. Realtors</u>, 691 A.2d 350, 367-68 (N.J. 1997)).

Here, Plaintiffs fail to set forth each of the required elements for fraud.  First, Plaintiffs do not set forth with specificity any intentional misrepresentation of any presently known of past

14

fact by Ms. Flanagan and ALC.  Instead, in their Complaint, Plaintiffs assert allegations in support of their fraud claim against Ms. Flanagan or ALC.  However, these allegations represent **future** conditions made by or on behalf of ALC.  For example, in paragraph three (3) of the First Count of Plaintiffs' Complaint, Plaintiffs use the word "would" for all six (6) instances of alleged fraudulent misrepresentations pled in this paragraph.  Similarly, in paragraph four (4), Plaintiffs again used the word "would" in its allegation as to Defendants alleged misrepresentation.  Clearly then, these are not material misrepresentations of a presently existing or past fact, but rather statements of future intention, which cannot serve as the basis for a fraud action.  Second, Plaintiffs do not allege that Defendants made a misrepresentation of a presently existing or past fact with the intent that Plaintiffs rely on them.  Plaintiffs focus only on representations of **future intent** rather than knowing misrepresentations of a presently existing or past fact with respect to their fraud claim.  See Devon IT, Inc. v. IBM Corp., 805 F. Supp. 2d 110, 128 (E.D. Pa. 2011) ("A false representation of fact in a fraud claim must be of 'present fact' and not of 'future intent.'") (quoting Citibank v. Plapinger, 66 N.Y.2d 90, 495 N.Y.S.2d 309, 485 N.E.2d 974, 976 (1985)); see also Darrick Enterprises v. Mitsubishi Motors Corp., No. CIV A 05-4359 (NLH), 2007 WL 2893366, at *4 (D.N.J. Sept. 28, 2007)("an 'alleged fraudulent representation must relate to some past or presently existing fact and cannot ordinarily be predicated upon matters *in future*.'")(quoting Ocean Cape Hotel Corp. v. Masefield Corp., 164 A.2d 607, 612 (N.J.Super.App.Div.1960)); Vurimindi v. Fuqua Sch. of Bus., No. CIV.A 10-234, 2010 WL 3419568, at *7 (E.D. Pa. Aug. 25, 2010), aff'd, 435 F. App'x 129 (3d Cir. 2011) ("Promises of future action—especially vague and unattributed promises such as these—cannot form the basis for a fraud claim.")(citation omitted).  In order to support a claim for fraud, the Plaintiffs must allege that the Defendants made knowing and intentional misrepresentations of a

15

presently known fact, not, as pled by Plaintiffs, statements of future intentions, actions, or results.  Therefore, Plaintiffs' Complaint fails to state a cause of action for common law fraud and the Court should dismiss Plaintiffs' Count One in its entirety, with prejudice.

### B.     Plaintiffs Failed to Plead Fraud Against Defendants with Particularity

In addition to pleading each of the required elements of fraud, a plaintiff must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which. states:

> In alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed.R.Civ.P. 9(b) (emphasis added).  "[T]he purpose of Rule 9(b) is to provide defendants with fair notice of the plaintiffs' claims." Foglia v. Renal Ventures Management, LLC, 754 F.3d 153, 155–56 (3d Cir. 2014).  Basic tenets of pleading fraud require plaintiffs to state the "*who, what, when, and where*" details of the alleged fraud.  Saporito v. Combustion Eng'g Inc., 843 F.2d 666, 675 (3d Cir. 1988), *vacated on other grounds*, 489 U.S. 1049 (1989)) (complaint dismissed where it alleged "the general content of the representations," but did not specify "who the speakers were ... or who received the information") (emphasis added).  "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  Galayda v. Wachovia Mortg., FSB, 2010 WL 5392743 (D.N.J. Dec. 22, 2010).  The Third Circuit has held that a plaintiff must support his/her allegations of fraud with all the essential factual background that would accompany "'the first paragraph of any newspaper story'-that is, the 'who what, when, where and how' of the events at issue."  In re Supreme Specialties, Inc. Sec. Litig., 438 F.3d 256, 276–77 (3d Cir. 2006) (citations omitted); see also Oliver v. Bank of Am., N.A., No. 13-CV-

16

4888 RMB/KMW, 2014 WL 562943, at *2 (D.N.J. Feb. 11, 2014) ("Defendant argues that the [pro se] Plaintiffs have failed to plead all of their fraud-based claims with the particularly required by Rule 9(b)); Wingate Inns, Int'l, Inc. v. HighTech Inn.com, LLC, No. 07-5014 JAG, 2009 WL 5216978, at *7 (D.N.J. Dec. 29, 2009) ("As noted, his pro se complaint made only cursory, vague allegations about fraud … [Plaintiff] must comply with Federal Rule of Civil Procedure 9(b) for pleading, with particularity, if he wishes to pursue this claim.")

Plaintiffs fail to set forth their allegations with the particularity required by Rule 9(b), as they do not identify the persons involved in the alleged fraud, the dates of alleged fraud, the details of the alleged misrepresentations by Defendants, or the details of their alleged damages. Plaintiffs' failure to plead the "who what, when, where and how of the events at issue" is fatal to their Complaint and it should be dismissed. See In re Supreme Specialties, Inc. Sec. Litig., 438 at 276–77.

## V.    Counts One, Two, Six, and Eight of Plaintiffs' Complaint Must be Dismissed as they are Common Law Tort Claims that are Barred by the Economic Loss Doctrine.

Plaintiffs' claims for fraud and negligent misrepresentation (Count One), Promissory Estoppel (Count Two), Conversion – Theft of Services (Count Six), and Negligence and Breach of Fiduciary Duty (Count Eight) are barred by the economic loss doctrine, and, accordingly, Plaintiffs these Counts should be dismissed.

The economic loss doctrine bars all tort claims that are intrinsic to underlying contractual obligations. Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co., 226 F. Supp. 2d 557, 564 (D.N.J. 2002) (only claims not extrinsic to underlying contract claims are not maintainable as separate causes of action). Put another way, the economic loss doctrine prevents recovery of tort damages where the harm alleged by the plaintiff is the loss of a benefit anticipated under the

contract. Alloway v. Gen. Marine Indus., L.P., 149 N.J. 620, 627, 695 A.2d 264, 267 (1997); see Duquesne Light Co. v. Westinghouse Elec. Co., 66 F.3d 604, 618 (3d Cir. 1995). This is because "[t]ort principles more adequately address the creation of an unreasonable risk of harm when a person or other property sustains accidental or unexpected injury." Alloway v. Gen. Marine Indus., L.P., 149 N.J. at 628, 695 A.2d at 268 (citations omitted).

"Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 316-17, 788 A.2d 268, 280 (2002) (citations omitted). A tort claim is viable only if the plaintiff alleges that the defendant committed a tort by breaching a duty independent from the defendant's contractual obligations. Emerson Radio Corp. v. Orion Sales, Inc., No. 95-6455, 2000 WL 49361 (D.N.J. Jan. 10, 2000). Conversely, if a plaintiff alleges that the defendant breached a duty derivative of the contract, the claim is barred by the economic loss doctrine. Slim CD, Inc. v. Heartland Payment Systs., Inc., No. 06-2256, 2007 WL 2459349, *26 (D.N.J. Aug. 24, 2007); Titan Stone, Tile & Masonry, Inc., No. 05-3362, 2007 WL 174710 (D.N.J. Jan. 22, 2007). ALC's alleged failure to perform under the Agreement does not represent a violation of an obligation imposed by law, but rather the alleged failure constitutes a breach of its contractual duties.

Here, Plaintiffs merely assert tort claims "seeking to enhance the benefit of the bargain [they] contracted for" under the Agreement or under existing statutory law. Saltiel v. GSI Consultants, Inc., 170 N.J. at 315-16, 788 A.2d at 279-80. Even more, this breach of contract claim is against ALC, not Ms. Flanagan, as there was no expectation that she would be personally liable under the contract. Id at 316. When the "scope of the parties' obligations [is]

defined by the contract, and the contract imposed responsibilities on [the entity defendant] only, and not on [the individual] defendants", the individual defendants are not personally liable.  Id.

Because the allegations of wrongful conduct that purport to support Plaintiffs' tort claims are entirely duplicative of the allegations supporting its breach of contract claim, and because the harms allegedly resulting from all the tort claims and the contract claims are the same, Plaintiffs' tort claims are barred by the economic loss doctrine.  Therefore, Count One, Two, Six, and Eight against all parties should be dismissed with prejudice.

## CONCLUSION

For all of the foregoing reasons, Defendants, Ms. Flanagan and ALC request the following relief:

(a) dismissal of all counts in the Complaint against Defendant, Ms. Flanagan;

(b) dismissal of Count One for fraud as to Defendants, Ms. Flanagan and ALC; and

(c) dismissal of Counts One, Two, Six, and Eight of Plaintiffs' Complaint based on the Economic Loss Doctrine.

Respectfully submitted,


s/ William P. Rubley
William P. Rubley                                                                 Dated:  April 6, 2016
Cory C. Sidelsky
wrubley@subranni.com
csidelsky@subranni.com
SUBRANNI ZAUBER LLC
Willow Ridge Exec. Officepark
750 Route 73 South
Suite 307B
Marlton, NJ 08053
(856) 985-3086
*Attorneys for Defendants,*
*Anderson Ludgate Consulting, LLC*
*and Tricia Flanagan*

19