NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PRAKASH V. RAO, ANANTH RAO, and
VKS ASSOCIATES, LLC,

        Plaintiffs,

v.

ANDERSON LUDGATE CONSULTING,
LLC, TRICIA FLANAGAN and John Does
1-2 who are individuals whose identities are
not yet known who have harmed Plaintiff,

        Defendants.

Civil Action No. 15-3126 (SRC)(CLW)

OPINION & ORDER

**CHESLER**, District Judge

  This matter comes before the Court on two motions: 1) the motion to dismiss the Complaint filed by Defendants Anderson Ludgate Consulting, LLC and Tricia Flanagan (collectively, "Defendants"); and 2) the cross-motion for leave to amend the Complaint by Plaintiffs Prakash V. Rao, Ananth Rao, and VKS Associates, LLC (collectively, "Plaintiffs"). For the reasons stated below, the motion to dismiss will be granted in part and denied in part, and the cross-motion to amend the Complaint will be denied.

  The Complaint alleges a dispute over a business arrangement between Plaintiff Prakash V. Rao ("PR") and Defendant Tricia Flanagan ("Flanagan"), CEO of Defendant Anderson Ludgate Consulting, LLC ("ALC"). The Complaint asserts nine counts: 1) fraud and negligent misrepresentation; 2) promissory estoppel; 3) breach of contracts; 4) breach of the implied covenant of good faith and fair dealing; 5) unjust enrichment and *quantum meruit*; 6) theft of services and intellectual property and conversion; 7) breach of a contract implied-in-fact; 8)

negligence and breach of fiduciary duty; and 9) seeking equitable relief, constructive trust, and accounting. Defendants have moved to dismiss the Complaint, and Plaintiffs have cross-moved to amend the Complaint.

Defendants first move to dismiss the claims against Flanagan as an individual, who is named on all nine claims. Defendants contend that: 1) PR signed a contract with ALC which made him a member of the limited liability company; 2) Flanagan was a member of ALC; and 3) under Pennsylvania law, members of a limited liability company are immune from liability to each other. This argument cannot succeed at this juncture because it depends on factual assertions extrinsic to the Complaint. On a motion to dismiss, the well-pleaded factual allegations in the Complaint are taken as true. Williams v. BASF Catalysts LLC, 765 F.3d 306, 322 (3d Cir. 2014). A movant cannot prevail on a motion to dismiss by asserting that the facts are not as stated in the Complaint. The motion to dismiss the claims against Flanagan individually will be denied.

Defendants next move to dismiss the claims for common law fraud against all parties, arguing that the Complaint fails to plead an intentional misrepresentation of any presently known or past fact, but only alleges misrepresentation of future conditions, which are not actionable under New Jersey law.[1] In opposition, Plaintiffs contend that the Complaint pleads misrepresentations that are actionable as fraud in the inducement (to enter the contract), as well as misrepresentations that are actionable as fraud in the execution of the contract. This Court

---

[1] "The five elements of common-law fraud are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997).

2

finds that the Complaint does sufficiently plead the elements of a claim for fraud in the inducement. Plaintiffs contend that Count One also asserts a claim for fraud in the performance of the contracts. This part of Count One will be considered in the discussion that follows on the motion to dismiss pursuant to the economic loss doctrine.

Defendants also argue that the Complaint fails to plead the common law fraud claim with the particularity required by Federal Rule of Civil Procedure 9(b). This is incorrect. As to the claim for fraud in the inducement, the Complaint alleges sufficient facts to put Defendants on notice of "the 'who, what, when, where and how' of the events at issue." C.W. Sommer & Co. v. Rockefeller (In re Rockefeller Ctr. Props. Sec. Litig.), 311 F.3d 198, 217 (3d Cir. 2002). The First Count, insofar as it pleads a claim for fraud in the inducement, is viable, and the motion to dismiss the claim for fraud in the inducement will be denied.

Lastly, Defendants move to dismiss Counts One (fraud), Two (promissory estoppel), Six (theft and conversion), and Eight (negligence and breach of fiduciary duties) as tort claims barred by the economic loss doctrine. Plaintiffs respond in opposition that dismissal on such a ground is premature at this stage of the litigation, and that the Complaint has been drafted with tort claims pled in the alternative to the contract claims.

The economic loss doctrine does not bar Plaintiff's claim for fraud in the inducement of the contract. Although the New Jersey Supreme Court has yet to decide the issue, the Courts in this District follow the principle that, with "a 'fraud in the inducement' claim, . . . the plaintiff is not prohibited from pursuing simultaneous tort and contract claims." Lithuanian Commerce Corp. v. Sara Lee Hosiery, 219 F. Supp. 2d 600, 607 (D.N.J. 2002) (collecting cases). As to the part of Count One that asserts a claim for fraud in the inducement of the contract, the motion to

dismiss will be denied.

As to Count Two, for promissory estoppel, the problem for Defendants is that promissory estoppel is not a tort claim. Like *quantum meruit*, promissory estoppel is an equitable doctrine that invokes the court's equitable powers to prevent injustice where a plaintiff's failure to meet the technical requirements for a remedy under contract law might produce an unfair result. Exit A Plus Realty v. Zuniga, 395 N.J. Super. 655, 662 (N.J. Super. Ct. App. Div. 2007). The economic loss doctrine has no applicability to Count Two.

As to the other common law tort claims, Counts Six and Eight, the economic loss doctrine "defines the boundary between the overlapping theories of tort law and contract law by barring the recovery of purely economic loss in tort." Dean v. Barrett Homes, Inc., 406 N.J. Super. 453, 470 (N.J. Super. Ct. App. Div. 2009). As the New Jersey Supreme Court has explained in discussing the tort law/contract law boundary, "among commercial parties . . ., contract law . . . provides the more appropriate system for adjudicating disputes arising from frustrated economic expectations." Spring Motors Distribs. v. Ford Motor Co., 489 A.2d 660, 673 (N.J. 1985). Frustrated economic expectations form the gravamen of Plaintiffs' claims in this case. Following Spring Motors, contract law, rather than tort law, is the more appropriate system for adjudicating these disputes. The bottom line is that Plaintiffs seek just compensation for their alleged services to Defendants. Aside from the claim for fraud in the inducement, the contract claims, including the equitable *quantum meruit* and promissory estoppel claims, are the correct legal approach to this goal. The common law tort claims for economic loss (fraud in the performance of the contract, theft and conversion, and negligence and breach of fiduciary duty) are all barred by the economic loss doctrine. As to the Count One claim for fraud in the

inducement, the motion to dismiss will be denied. As to Count Two, the motion to dismiss will be denied. As to the Count One claim for fraud in the performance, as well as Counts Six and Eight, the motion to dismiss will be granted. As repleading these claims is futile, they will be dismissed with prejudice.

Plaintiffs have cross-moved for leave to file an Amended Complaint. The proposed Amended Complaint contains a number of changes: 1) old Count One is split into new Counts One, Two and Four; and 2) the Twelfth and Thirteenth Counts are new. The division of the old Count One is unnecessary, and today's ruling preserves the part of Count One for fraud in the inducement while dismissing the parts for fraud and negligent misrepresentation in the performance of the contract. The proposed Twelfth Count seeks to bolster the existing claims against Flanagan as an individual; given that the Court today has denied the motion to dismiss the claims against Flanagan as an individual, this is unnecessary. The proposed Thirteenth Count, for misappropriation of Plaintiffs' trade secrets, lacks supporting factual allegations, given that the alleged trade secrets are the work produced by Plaintiffs for Defendants that is the subject of all the other claims; Plaintiffs have not sufficiently alleged a misappropriation of their trade secrets.[2]

---

[2] "To prevail in New Jersey upon a claim for misappropriation of a trade secret, a trade secret owner must establish that:

(1) a trade secret exists;
(2) the information comprising the trade secret was communicated in confidence by plaintiff to the employee;
(3) the secret information was disclosed by that employee and in breach of that confidence;
(4) the secret information was acquired by a competitor with knowledge of the employee's breach of confidence;
(5) the secret information was used by the competitor to the detriment of plaintiff;

5

"Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Because the proposed amendments to the Complaint are either of no benefit to Plaintiffs or futile, the cross-motion for leave to amend the Complaint will be denied.

For these reasons,

**IT IS** on this 7th day of July, 2016,

**ORDERED** that Defendants' motion to dismiss the Complaint (Docket Entry No. 23) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Defendants' motion to dismiss Count One of the Complaint, the motion to dismiss the fraud in the inducement part of Count One is **DENIED**, while the motion to dismiss the remainder of Count One is **GRANTED**, and the parts of Count One involving fraud in the performance of the alleged contract are hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to Counts Six and Eight, the motion to dismiss is **GRANTED**, and Counts Six, and Eight are hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, except as already specified above, the motion to dismiss the Complaint is **DENIED**; and it is further

---

and
(6) the plaintiff took precautions to maintain the secrecy of the trade secret."

Rycoline Products, Inc. v. Walsh, 756 A.2d 1047, 1052 (N.J. Super. Ct. App. Div. 2000).

6

**ORDERED** that Plaintiffs' cross-motion for leave to amend (Docket Entry No. 25) is **DENIED**.

                                            s/Stanley R. Chesler
                                            STANLEY R. CHESLER
                                            United States District Judge